UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMES K. SCHENKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-75 |
| | ) |
| JULIE GRIFFITH – VP | ) |
| Public Affairs, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Complaint and for Relation Back to September 10, 2015 [DE 41] filed by the plaintiff, James K. Schenke, on July 3, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

On September 10, 2015, the plaintiff, James Schenke, filed a *Pro Se* Complaint [DE 1] against the defendants, Julie Griffith, Trent Klingerman, Julie Rosa, Shelley Triol, Brian Zink, Mitch Daniels (Purdue defendants), John Dennis, and Randy Truitt. The complaint was served on April 1, 2016.

The defendants have moved to dismiss the plaintiff's *pro se* complaint. On May 9, 2016, the Purdue defendants filed a Motion to Dismiss or Strike Complaint [DE 12]. On May 15, 2016, Attorney Jay Meisenhelder entered his appearance on behalf of the plaintiff and requested an extension of time to respond to the Purdue defendants' motion to dismiss. In the motion, Attorney Meisenhelder indicated that since the defendants had not filed an answer to the plaintiff's complaint, the plaintiff intended to file an amended complaint. On June 3, 2016, the defendant, John Dennis, filed a Motion to Dismiss or Strike Complaint [DE 29]. On June 7,

2016, the defendant, Randy Truitt, filed a Motion to Dismiss [DE 31], which was superseded by an Amended Motion to Dismiss [DE 33] on June 8, 2016. The plaintiff was granted multiple extensions to respond to the motions to dismiss. The plaintiff filed his Responses [DE 37, 52, 53] in opposition to the defendants' motion to dismiss. The defendants filed their Replies [DE 40, 55, 56] on June 28, 2016, July 29, 2016, and August 3, 2016. On July 3, 2016, the plaintiff filed the Motion for Leave to File Amended Complaint and for Relation Back to September 10, 2015 [DE 41]. On August 19, 2016, the court dismissed as moot [DE 57] the pending motions to dismiss filed by the defendants.

The plaintiff has conceded in his Consolidated Reply to the Responses in Opposition to Plaintiff's Motion for Leave to Amend the Pro Se Complaint by the Purdue Defendants, Dennis, and Truitt [DE 54] that he cannot sufficiently state a claim against the defendant, Julie Rosa.

The plaintiff in his amended complaint has alleged five counts pursuant to 42 U.S.C. § 1983. He has alleged a constitutional violation by the Purdue defendants in count one, a deprivation of rights under color of state law by the Purdue defendants in count two, a deprivation of rights under color of state law by Dennis in count three, a deprivation of rights under color of state law by Truitt in count four, and governmental liability by Purdue University in count five.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing*

*Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. Fru–Con, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

The defendants, collectively, make the argument that the plaintiff's motion to amend the complaint is futile. Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), unless a summary judgment motion is pending. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002) (*quoting* **Bethany Pharamacal Company v. QVC, Inc**., 241 F.3d 854, 860 (7th Cir. 2001). An amendment is "futile and should be denied where the theory pled does not apply to the facts of the case." *Peoples*, 209 F.R.D. at 430. If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* **Wright & Miller, 6 Federal Practice & Procedure § 1487**, at 637-642 (2d ed. 1990) (If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend).

**Rule 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* ***Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Iqbal***, 556 U.S. at 678 (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ***Cincinnati Life Ins.***, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting ***Stanard v. Nygren***, 658 F.3d 792, 797 (7th Cir. 2011)); ***Peele v. Clifford Burch***, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); ***Joren v. Napolitano***, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. ***Iqbal***, 556 U.S. at 684.

The decision in ***Iqbal*** discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by ***Twombly***. *See* ***Twombly***, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal

conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see* ***Brown v. JP Morgan Chase Bank***, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; ***Bonte v. U.S. Bank, N.A.***, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. ***Murphy v. Walker***, 51 F.3d 714, 717 (7th Cir. 1995); ***Maxie v. Wal-Mart Store***, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); ***Banks v. Montgomery***, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

Title 42 U.S.C. § 1983 provides a "federal cause of action for the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States...." ***Livadas v. Bradshaw***, 512 U.S. 107, 132, 114 S.Ct. 2068, 2082, 129 L.Ed.2d 93 (1994). Section 1983 does not itself create substantive rights, but "it acts as an instrument for vindicating federal rights conferred elsewhere." ***Spiegel v. Rabinovitz***, 121 F.3d 251, 254 (7th Cir. 1997). When analyzing a § 1983 claim, it is necessary to identify the specific constitutional right that was violated. ***Spiegel***, 121 F.3d at 254. Then, the validity of the claim must be judged by reference to the specific constitutional standard that governs the right. ***Graham v. Connor,*** 490 U.S. 386, 394 (1989). In order to state a claim under § 1983, a plaintiff

5

must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (C.A.7 (Ill.) 2010).

Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 628 (7th Cir.1999). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941); *West v. Atkins*, 108 S.Ct. 2250, 2255, 487 U.S. 42, 49 (U.S.N.C. 1988). State employment is generally sufficient to render the defendant a state actor. *Polk County v. Dodson*, 102 S.Ct. 445, 455, 454 U.S. 312, 328 (U.S. 1981).

The Purdue defendants have argued that the plaintiff's proposed amended complaint suffers from the same defects as the *pro se* complaint. The defendants have indicated the amended complaint has pleading deficiencies and has failed to state a plausible claim. The complaint names the President of Purdue University, Mitch Daniels, as a party but he was not identified as a participant in the factual allegations. The defendant has indicated that count five alleged governmental liability by Purdue University and requested judgment against Purdue University. However, Purdue is not a named defendant and person under section 1983. Also, the plaintiff has requested relief with respect to any other policy restricting speech, but this fails to meet the substantive plausibility standard as required.

6

The defendant, John Dennis, has argued that the proposed amended complaint is futile and cannot withstand a motion to dismiss. The plaintiff has filed a deprivation of rights under color of state law against Dennis. Dennis has indicated that the complaint alleged that he conspired to violate the plaintiff's constitutional rights. However, Dennis has argued Section 1983 does not punish conspiracy. Dennis has argued that the plaintiff failed to allege any facts to that support that he personally denied the plaintiff his First Amendment rights.

The defendant, Randy Truitt, has argued that the plaintiff's amended complaint is futile. Truitt has indicated that he did not and could not act under color of state law. He has indicated that his power as a legislator does not allow him to make employment decisions concerning employees at Purdue University. Also, the plaintiff cannot bring a claim against Truitt in his official capacity because suits against state officials in their official capacity is barred by the 11th Amendment.

At this stage, the court cannot resolve the merits of the proposed claim but should consider only whether the plaintiff has stated a claim. It is plausible that the plaintiff has stated a claim pursuant to 42 U.S.C. § 1983. The standard for futility of amendment asks whether the pleading as a whole could survive a motion to dismiss. ***McCoy v. Iberdrola Renewables, Inc.,*** 760 F.3d 674, 685 (7th Cir. 2014). The court should grant the plaintiff's motion to amend if the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if portions of the complaint are futile. ***Estate of Simpson v. Bartholomew County Jail***, 2014 WL 5817319, at *3 (S.D. Ind. 2014). The court must assume the factual allegations as true. Therefore, the proposed amended complaint has stated factual grounds that the defendants used the authority given to them by the state to deprive the plaintiff of his First Amendment rights. The proposed amended complaint has provided enough detail to give the

7

defendants notice of the claims and a plausible right to relief. Therefore, the complaint has alleged sufficient facts to state a claim. At this stage, the plaintiff's proposed amended complaint states a tenable claim, the sufficiency of which may be tested in a later motion.

**Federal Rule of Civil Procedure 15(c)(1)(B)** states that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The amended complaint should be deemed timely if a sufficient factual nexus exists between the original and amended complaints such that the original pleading gives fair notice of the factual situation from which the amended pleading arises. ***Grattan v. Burnett***, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

The proposed amended complaint relates back to the date that the plaintiff filed the original complaint. The plaintiff's proposed amended complaint claims arose from the conduct, transaction, and occurrence as set forth in the original pleading. The plaintiff has included the same factual allegations that have previously been brought to the attention of the defendants by the plaintiff's *pro se* complaint. Therefore, the court finds that the amended complaint relates back to September 10, 2015.

Based on the foregoing reasons, the Motion for Leave to File Amended Complaint and for Relation Back to September 10, 2015 [DE 41] is **GRANTED.** The Motion To Strike Complaint or, In the Alternative, to Stay the Responsive Pleading Deadline and Set a Telephonic Status Conference [DE 62], filed by the defendants on September 29, 2016 is **DENIED as MOOT.**

ENTERED this 6th day of October, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge