UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| JAMES K. SCHENKE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:15-cv-75 |
| MITCH DANIELS, *et al.,* | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Amended Complaint [DE 66] filed by the defendant, Randy Truitt, on November 1, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

On October 18, 2016, the plaintiff, James Schenke, filed an Amended Complaint [DE 64] against defendants, Julie Griffin, Trent Klingerman, Julie Rosa, Shelley Triol, Brian Zink, Mitch Daniels (Purdue defendants), John Dennis, and Randy Truitt. The amended complaint has alleged that the defendant, Randy Truitt, deprived and/or conspired to deprive Schenke of his rights secured under the Constitution and laws of the United States under the color of state law pursuant to 42 U.S.C. § 1983.

Schenke was employed as a Broadcast Media Liaison by Purdue University's Office of News and Information. During the Spring and Summer of 2013, the City of West Lafayette was attempting to annex certain property along the U.S. 231 corridor. The subdivision of Wake Robin Estates, where Schenke resided and was a member of the Homeowners Association, was included in the annexation plan. Schenke spoke and wrote against the annexation and was

involved in protests concerning excessive noise in Wake Robin after the opening of the U.S. 231 bypass.

The factual allegations contained in the amended complaint have alleged that on September 17, 2013, Schenke was interviewed by a local television show about the noise from the newly opened U.S. Highway 231. He was identified as a board member of Wake Robin HOA. After his appearance, on September 19, 2013, Schenke was told by defendant Brian Zink, his immediate supervisor, that he must not only inform his supervisors of any media interactions in advance, but discuss those interactions in advance, as well. Schenke also was informed that he could prepare his neighbors to talk to the news media about noise reduction issues, but that he could not appear as a spokesman himself. Zink confirmed to Schenke that Truitt had complained about Schenke's television appearance concerning the noise problem to defendant Julie Griffith, Purdue's Vice-President for Public Affairs.

Further, the amended complaint has alleged that Truitt conspired with and persuaded the Purdue defendants to prohibit Schenke from speaking publically against the proposed annexation plan that was favored by Truitt, and in favor of noise abatement efforts opposed by Truitt, by requiring Schenke to obtain prior approval for any such actions, and by retaliating against Schenke when he exercised, or attempted to exercise, his right to freedom of speech, as protected by the First and Fourteenth Amendments. At all times relevant to this action, Truitt was the duly-elected Member of the Indiana General Assembly, the elected legislative authority of the State of Indiana.

Truitt has moved to dismiss the amended complaint. Schenke filed a response in opposition on November 12, 2016, and Truitt filed a reply in support on November 23, 2016.

On May 22, 2017, this case was reassigned to Magistrate Judge Andrew P. Rodovich upon the parties' consent under 28 U.S.C. § 636(c).

The amended complaint has asserted a claim against Truitt individually and in his official capacity. Schenke has indicated that he inadvertently failed to remove the official capacity designation in the amended complaint, and therefore concedes that his official capacity claim against Truitt must be dismissed.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate

3

language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see Brown v. JP Morgan Chase Bank*, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); *Banks v. Montgomery*, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. *Cincinnati Life*

*Ins.*, 722 F.3d at 946.  The court assesses this by considering whether it can make out the essence of the claims.  *Cincinnati Life Ins.*, 722 F.3d at 946.  A complaint is not unintelligible simply because it contains repetitive and irrelevant matter.  *Cincinnati Life Ins.*, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'"  *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

Title 42 U.S.C. § 1983 provides a "federal cause of action for the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States...."  *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 2082, 129 L.Ed.2d 93 (1994).  Section 1983 does not itself create substantive rights, but "it acts as an instrument for vindicating federal rights conferred elsewhere."  *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997).  In order to state a valid claim for relief under § 1983, Schenke must sufficiently allege that (1) he held a constitutionally protected right, (2) he was deprived of this right in violation of the Constitution, (3) the defendant intentionally caused this deprivation, and (4) the defendant acted under color of state law.  *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir. 1993).

Truitt has argued that the amended complaint has failed to allege that he acted under color state law.  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941); *West v. Atkins*, 108

5

S.Ct. 2250, 2255, 487 U.S. 42, 49 (U.S.N.C. 1988). However, not every action taken by someone who happens to hold a public office is an action taken under color of law. *Honaker v. Smith,* 256 F.3d 477, 484 (7th Cir. 2001). In order to be acting under color of law, the act must be "related in some way to the performance of the duties of the government office." *Honaker,* 256 F.3d at 484.

The factual allegations contained in the amended complaint have alleged that Zink informed Schenke that he must notify and discuss with his supervisors possible media interactions in advance and that future violations could lead to termination. Zink informed Schenke that Truitt had complained about his television appearance concerning noise problems to Griffith. Schenke has argued that a reasonable juror could conclude that Truitt's complaint to Griffith was an attempt to use his "clout" as State Representative to persuade Purdue to stifle his speech and curtail or eliminate his activities regarding the subject of U.S. 231.

Truitt contends that voicing a complaint to Griffith was not connected to his duties as a legislator nor was it an abuse of his power and that, as State Representative, he does not have the power by virtue of state law to infringe on an individual's freedom of speech or association. In his response, Schenke has not explained how Truitt's actions were related in any way to the performance of his duties as State Representative. Further, Truitt has indicated that Schenke cannot speculate that he used his position to compel the Purdue defendants to suppress Schenke's speech and take adverse employment actions against him. Therefore, Truitt contends that Schenke has not alleged a factual basis to support his claim.

Viewing Schenke's allegations and all reasonable inferences in his favor, the court cannot infer more than the mere possibility of misconduct. Therefore, Schenke has not shown that he is entitled to relief. He has not asserted factual allegations that would allow the court to

reasonably infer that Truitt used his legislative power to deprive or persuade Purdue to deprive Schenke of his First Amendment rights. Allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. If they do not, the plaintiff has pled himself out of court. ***Bell Atlantic,*** 127 S. Ct. at 1965. A complaint cannot simply "leave open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." ***Twombly***, 550 U.S. at 561 (citation omitted).

Also, because Truitt may be an influential person does not mean that his conversations automatically are cloaked with state authority, especially conversations that are not even tangentially related to his official legislative role. *See* ***Hoffman v. Gard,*** 2010 WL 4226177, at *3 (S.D. Ind. 2010) (court held that state senator's actions did not relate in any way to legislative duties nor reasonably could be said to be an abuse of the powers the office bestowed upon her). The mere assertion that one is a state officer does not necessarily mean that one acts under color of state law. ***Askew v. Bloemker,*** 548 F.2d 673, 677 (7th Cir. 1976). The allegations in the amended complaint do not demonstrate that Truitt's actions were related to his legislative duties and were made possible only because he was clothed with the authority of state law.

Truitt also has argued that the amended complaint failed to state a First Amendment retaliation claim. To establish a prima facie case of First Amendment retaliation, Schenke must establish that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in Truitt's decision to take the retaliatory action. ***Massey v. Johnson,*** 457 F.3d 711, 716 (7th Cir. 2006).

Truitt has argued that the amended complaint has alleged that he complained to Griffith, not that he threatened Schenke or took steps to deter Schenke's First Amendment activities.

7

Therefore, the amended complaint does not suggest that Truitt attempted to punish Schenke for speaking publicly. Schenke has alleged that he was an employee of Purdue University and that the alleged deprivations were carried out by the Purdue defendants. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. ***Wolf-Lillie v. Sonquist,*** 699 F.2d 864, 869 (7th Cir. 1983).

Schenke contends that the retaliatory act was Truitt's effort to persuade Purdue to impose sanctions. However, the amended complaint has not alleged any facts to indicate that Truitt did more than voice a complaint to Griffith. Therefore, while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. ***Iqbal***, 129 S.Ct. at 1940. Schenke has failed to plead factual content that allows the court to reasonably infer that Truitt is liable for the alleged misconduct. Schenke's mere conjecture and speculation is not sufficient to withstand a motion to dismiss.

Based on the foregoing reasons, the Motion to Dismiss Amended Complaint [DE 66] is **GRANTED** and Count Four: Deprivation of Rights Under Color of State Law by Truitt of the Amended Complaint is **DISMISSED**. Therefore, Randy Truitt, individually, and in his official capacity as State Representative, is **DISMISSED** from this matter.

ENTERED this 28th day of September, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge