UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMES K. SCHENKE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15-cv-75 |
| MITCH DANIELS, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Plaintiff's Amended Complaint [DE 70] filed by the defendant, John Dennis, on November 6, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

On October 18, 2016, the plaintiff, James Schenke, filed an Amended Complaint [DE 64] against defendants, Julie Griffin, Trent Klingerman, Julie Rosa, Shelley Triol, Brian Zink, Mitch Daniels (Purdue defendants), John Dennis, and Randy Truitt. The amended complaint has alleged that the defendant, John Dennis, deprived and/or conspired to deprive Schenke of his rights secured under the Constitution and laws of the United States under the color of state law pursuant to 42 U.S.C. § 1983.

Schenke was employed as a Broadcast Media Liaison by Purdue University's Office of News and Information. During the Spring and Summer of 2013, the City of West Lafayette was attempting to annex certain property along the U.S. 231 corridor. The subdivision Wake Robin Estates, where Schenke resided and was a member of the Homeowners Association, would have

been annexed under the plan. Schenke spoke and wrote against the annexation and was involved in protests concerning excessive noise in Wake Robin after the opening of the U.S. 231 bypass.

The factual allegations contained in the amended complaint have alleged that on September 11, 2013, Schenke learned that Dennis had called and complained to Julie Griffith, Purdue's Vice President for External Affairs, regarding an unpublished letter that Schenke had written to the Editor of the Purdue *Exponent*. Further, the amended complaint alleged that Dennis conspired with and persuaded the Purdue defendants to prohibit Schenke from speaking publically against Dennis's proposed annexation plan, and in favor of noise abatement efforts opposed by Dennis, by requiring him to obtain prior approval for any such actions, and by retaliating against him when he exercised, or attempted to exercise, his right to freedom of speech, as protected by the First and Fourteenth Amendments. The amended complaint has indicated that at times relevant to this action Dennis was the duly-elected Mayor of the City of West Lafayette, Indiana.

Dennis has moved to dismiss the amended complaint. Schenke filed a response in opposition on December 6, 2016, and Truitt filed a reply in support on December 12, 2016. On May 22, 2017, this case was reassigned to Magistrate Judge Andrew P. Rodovich upon the parties' consent under 28 U.S.C. § 636(c).

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See **Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court

clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

     The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see Brown v. JP Morgan Chase Bank*, 2009 WL 1761101, at *1 (7th Cir. June 23,

2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); *Banks v. Montgomery*, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. *Cincinnati Life Ins.*, 722 F.3d at 946. The court assesses this by considering whether it can make out the essence of the claims. *Cincinnati Life Ins.*, 722 F.3d at 946. A complaint is not unintelligible simply because it contains repetitive and irrelevant matter. *Cincinnati Life Ins.*, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

Title 42 U.S.C. § 1983 provides a "federal cause of action for the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States...." *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S. Ct. 2068, 2082, 129 L.Ed.2d 93 (1994). Section 1983 does not itself create substantive rights, but "it acts as an

instrument for vindicating federal rights conferred elsewhere." *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). In order to state a claim under § 1983, a plaintiff must sufficiently allege that (1) he held a constitutionally protected right, (2) he was deprived of this right in violation of the Constitution, (3) the defendant intentionally caused this deprivation, and (4) the defendant acted under color of state law. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir. 1993).

To establish a prima facie case for a First Amendment retaliation claim, Schenke must establish that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in Dennis's decision to take the retaliatory action. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

Dennis does not contest that Schenke was engaged in activity protected by the First Amendment. However, he has argued that his alleged actions did not deter Schenke's First Amendment activity. Dennis is correct that despite the restrictions imposed on Schenke, he continued to speak against the proposed annexation. However, the legal standard is objective. All Schenke must show is that the retaliatory activities would "deter a person of ordinary firmness" from exercising First Amendment activity in the future. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). Schenke has indicated that he was threatened, muzzled, interrogated, reprimanded, denied a promotion, and professionally marginalized for speaking against the annexation. Therefore, it is plausible that a person may be deterred from exercising First Amendment activity in the future.

Next, Dennis has argued that the amended complaint did not assert a factual basis that he personally engaged in the alleged retaliation against Schenke. An individual cannot be held

5

liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Schenke contends that it could be reasonably inferred that Dennis complained to Griffith because he expected her to take some action to control him. However, the amended complaint does not allege that Dennis imposed or suggested that any retaliatory acts to be taken against Schenke. Schenke at least must allege that Dennis set in motion a series of events that he knew or should reasonably have known would cause others to deprive Schenke of his constitutional rights. *See* **Conner v. Reinhard**, 847 F.2d 384, 397 (7th Cir. 1988) ("An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights.").

Further, the amended complaint has alleged that Dennis conspired with and persuaded the Purdue defendants to prohibit him from speaking publically against Dennis's proposed annexation plan, and in favor of noise abatement efforts opposed by Dennis, by requiring him to obtain prior approval for any such actions, and by retaliating against him when he exercised, or attempted to exercise, his right to freedom of speech, as protected by the First and Fourteenth Amendments. However, conspiracy is not an independent basis of liability under 42 U.S.C. 1983. *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008). A bare allegation of conspiracy is never enough to survive a motion to dismiss for failure to state a claim. *Cooney v. Rossiter,* 583 F.3d 967, 970–71 (7th Cir. 2009). Schenke has not addressed this argument, therefore he has waived any argument to the contrary. Also, absence of any facts to support Schenke's claim renders the allegations mere legal conclusions of section 1983 liability. *See* **Iqbal**, 556 U.S. at 678 ([t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient).

6

Finally, Dennis has argued that the amended complaint has failed to allege that he acted under color state law. The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941); *West v. Atkins*, 108 S.Ct. 2250, 2255, 487 U.S. 42, 49 (U.S.N.C. 1988). However, not every action taken by someone who happens to hold a public office is an action taken under color of law. *Honaker v. Smith,* 256 F.3d 477, 484 (7th Cir. 2001). In order to be acting under color of law, the act must be "related in some way to the performance of the duties of the government office." *Honaker,* 256 F.3d at 484.

Dennis has argued that the amended complaint does not indicate nor support an inference that he was able to complain to Griffith because he was clothed with authority as the Mayor of West Lafayette. Further, Dennis asserts that there was no allegation or reasonable inference that could be made that he invoked his position as Mayor to exercise authority. However, Schenke has argued that a reasonable inference could be made that Dennis's complaint to Griffith was an attempt to use his "clout" as Mayor to persuade Purdue to stifle his speech. Because Dennis may be an influential person does not mean that his conversations are automatically cloaked with state authority, especially conversations that are not even tangentially related to his official public role. *See* **Hoffman v. Gard,** 2010 WL 4226177, at *3 (S.D. Ind. 2010) (court held that state senator's actions did not relate in any way to legislative duties nor reasonably could be said to be an abuse of the powers the office bestowed upon her).

Viewing Schenke's allegations and all reasonable inferences in his favor, the court cannot infer more than the mere possibility of misconduct. Schenke has not asserted any factual

7

allegations that would allow the court to infer that Dennis used his power to deprive Schenke of his First Amendment rights. Also, Schenke has failed to explain how Dennis's actions were related to his official duties as Mayor. Allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. If they do not, the plaintiff has pled himself out of court. ***Bell Atlantic,*** 127 S. Ct. at 1965. Schenke is asking that the court speculate that Dennis used his authority to persuade Purdue to stifle his speech. However, a complaint cannot simply "leave open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." ***Twombly***, 550 U.S. at 561 (citation omitted). Therefore, Schenke has not shown that he is entitled to relief.

Based on the foregoing reasons, the Motion to Dismiss Amended Complaint [DE 66] is **GRANTED** and Count Three: Deprivation of Rights Under Color of State Law by Dennis of the Amended Complaint is **DISMISSED.** Therefore, John Dennis, individually, and in his official capacity as the Mayor of the City of West Lafayette, is **DISMISSED** from this matter.

ENTERED this 28th day of September, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge